In an action, inter alia, to recover damages for breach of contract and negligent misrepresentation, the plaintiff appeals from an order of the Supreme Court, Orange County (McGuirk, J.), dated November 8, 2007, which granted the defendant’s motion for summary judgment dismissing the cause of action alleging negligent misrepresentation.
Ordered that the order is reversed, on the law, with costs, and the defendant’s motion for summary judgment dismissing the cause of action alleging negligent misrepresentation is denied.
Recovery for a pecuniary loss arising from negligent misrepresentation may be had where there is actual privity of contract between the parties or a relationship so close as to approach that of privity (see Ossining Union Free School Dist. v Anderson LaRocca Anderson, 73 NY2d 417, 424 [1989]). The three critical criteria for establishing such a relationship and imposing liability are (1) an awareness by the maker of the statement that it is to be used for a particular purpose, (2) reliance by a known party on the statement in furtherance of that purpose, and (3) some conduct by the maker of the statement linking it to the relying party and evincing its understanding of that reliance (see Credit Alliance Corp. v Arthur Andersen & Co., 65 NY2d 536, 551 [1985]).
*764 Here, the defendant failed to meet its initial burden of establishing, by admissible evidence, its prima facie entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). The facts upon which the defendant based its motion for summary judgment were set forth in an attorney’s affirmation, not within an affidavit of a witness with knowledge of the facts. The affidavit of the defendant’s engineer did not contain any information supporting counsel’s assertions that the defendant did not have any contact or dealings with the plaintiff, that the defendant did not provide a copy of the road bond estimate to the plaintiff, that the defendant did not make any representations to the plaintiff, and that it did not know that the plaintiff would rely on the road bond estimate.
Accordingly, the defendant was not entitled to summary judgment dismissing the cause of action alleging negligent misrepresentation, regardless of the sufficiency of the plaintiffs opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Santucci, J.P., Covello, Leventhal and Belen, JJ., concur.